MEDA F. DUNCAN *v.* ROBERT L. DUNCAN *et al.*

(No. 8546)

Submitted October 19, 1937. Decided November 30, 1937.

*Lycurgus Hyre,* for appellant.
*H. Roy Waugh,* for appellee.

MAXWELL, JUDGE:

This cause comes on appeal from two decrees of the circuit court of Upshur County, rendered April 28, 1936 and September 29, 1936, in the chancery cause wherein Meda F. Duncan is plaintiff and Robert L. Duncan, the appellant, and others are defendants. The suit was brought by the plaintiff, former wife of Robert L. Duncan, to enforce primarily the lien of a decree of said court entered in a divorce proceeding, September 28, 1934, by which decree she was granted an absolute divorce from Robert L. Duncan. Alimony of $20.00 per month was awarded her. At the time of the institution of the instant suit, the alimony was in arrears $460.00. The aggregate amount of the debt she seeks to enforce in this suit is $783.78, comprising, in addition to the accrued alimony with interest on each installment from its due date, $150.00 court costs incurred in the divorce suit, paid by plaintiff and chargeable to Robert L. Duncan, with interest from date of payment; and $22.10 taxes paid by her on his one-half interest in jointly owned real estate. The plaintiff prays for a sale of the real estate owned by Robert L. Duncan, principal defendant (hereinafter designated as the defendant), or so much thereof as may be necessary, to satisfy her liens and the liens of other creditors.

By decree of January 15, 1936, the cause was referred to a commissioner in chancery, to ascertain and report all the real estate owned by the defendant, the liens thereon, their respective amounts and priorities and by whom held and whether or not the real estate would in five years rent for a sum sufficient to discharge the liens and costs of suit, and other pertinent matters.

Pending execution of the order of reference, the defendant filed with the commissioner his answer to the plaintiff's bill of complaint.

This answer admits that the alimony payments were decreed to be paid by the defendant to the plaintiff, sub-

stantially as stated in the bill, and alleges that the divorce decree rendered in the former suit provides that each of the parties thereto shall retain all the property real and personal then owned by him or her, subject to the condition that Meda F. Duncan shall have the free use and occupancy of the home which she then occupied, during her natural life, and that the defendant shall have the right to use plaintiff's one-half interest in the 140-acre tract of land on Brushy Fork, in Upshur County, during his natural life. Further the defendant avers that at the time the plaintiff took possession of the home, under the decree, the defendant owned therein various items of personal property of the value of $1,000.00 to $2,500.00, which, since October 2, 1933, have been in the possession of the plaintiff and which she refuses to surrender to him, wherefore the plaintiff should be charged with the value thereof, which, being done, would discharge his indebtedness to the plaintiff, and that therefore the defendant does not owe the plaintiff anything on account of the accrued alimony. In his testimony the defendant reduced this claim to a one-half interest in said property.

The answer also asserts that in 1925 or 1926, the defendant caused to be procured a twenty-year-payment life insurance policy on the life of the plaintiff, in which policy the defendant was made the beneficiary, and that he paid all the premiums on the policy for seven or eight years; that the policy provided for accumulated dividends to be left with the company, and carried a provision for a cash surrender value increasing each year; that in 1932, the plaintiff, without the knowledge or consent of the defendant, substituted O. W. Duncan for the defendant as beneficiary; that the accumulated dividends and cash surrender value of the policy were of a considerable amount and rightly belong to defendant; and that he should have, and he demands, credit therefor against plaintiff's claim.

With his answer the defendant filed with the commissioner a list of the personal property which he claims to be in the possession of the plaintiff, consisting princi-

pally of items of household furniture and equipment valued in the aggregate at $937.00.

The commissioner took the testimony of a number of witnesses, mainly on the two questions presented by the answer. By his report, he disallowed the defendant's claim respecting the personal property and the life insurance policy; ascertained the real estate owned by the defendant, the liens thereon and their priorities; and found that the real estate would not, in five years, rent for a sufficient sum to discharge the liens and pay the costs of suit. There was ascertained to be only one other lien debt besides the plaintiff's and it is in favor of Ola D. Long, daughter of the plaintiff and defendant, for $759.05, assigned to her by her brother, O. W. Duncan, and given a ranking next to the plaintiff's lien. The defendant excepted to the report.

The court entered a decree April 28, 1936, overruling the defendant's exceptions, confirmed the report of the commissioner and directed that the defendant's real estate, or so much thereof as should be necessary to discharge the liens and the costs of the suit, be sold by a special commissioner appointed for the purpose.

The decree of sale describes the real estate to be sold as consisting of four certain lots in Buckhannon, one tract of 56¼ acres on Brushy Fork of the Buckhannon River, one tract of 7 acres on Brushy Fork, and the fee in an undivided one-half interest and a life estate in the other one-half of a tract of 140½ acres, likewise on Brushy Fork, all in the county of Upshur; one-half interest in the coal, oil and gas underlying a tract of 73 acres in Lewis County, near the village of Roanoke; and a tract of 150 acres in Randolph County on waters of the Buckhannon River. There was further provision that before making sale the commissioner should advertise the time, terms and place thereof for 4 successive weeks in some newspaper published in each county in which the real estate is located; that notice shall be posted at the courthouse door of each county; and that the sale shall be made at the front door of the Upshur County courthouse.

As an addendum to the decree of sale it is recited that the defendant moved the court that he be permitted to

encumber his real estate by first lien mortgage to the extent of a loan which he may find it necessary to make for the purpose of obtaining funds to discharge the alimony indebtedness. His motion was resisted by the plaintiff and overruled by the court.

There appears in the record a notice by the defendant, served on the special commissioner August 22, 1936, directing him to sell no more of the real estate than would be necessary to pay the debt decreed to Meda F. Duncan, and on the same date, Ola D. Long, to whom had been decreed the debt and lien of $759.05, caused to be served on the commissioner a notice that she did not desire any sale of real estate to be made by him for the satisfaction of her lien; that she had offered to pay off and discharge the defendant's debt to plaintiff if the same should be assigned to her; and that plaintiff had declined to accept the offer or to make such assignment.

September 29, 1936, the special commissioner filed his report of sale, showing that after advertising the Upshur County real estate by notice published in a newspaper of that county and posted as directed by the sale decree, he proceeded on August 29, 1936, to offer the Upshur County property for sale; that he continued the sale to September 5, 1936, when he again offered the Upshur real estate for sale and sold the 140½ acre tract on Brushy Fork, in which the defendant owns an undivided one-half in fee and a life estate in the half owned by the plaintiff, to Ola D. Long, for $3,550.00, of which she paid $887.50 cash and for the residue executed three notes for $887.50 each, due in six, twelve and eighteen months, respectively. The commissioner further reports that for two of the lots in the City of Buckhannon he received bids of $80.00 and $90.00, respectively, and that no bid was received on the other parcels of real estate.

The defendant excepted to the report of sale and resisted confirmation thereof assigning various grounds, which, briefly stated, were: That the commissioner sold real estate much in excess of the amount required to satisfy the debts decreed; because, as Ola D. Long had notified the commissioner that she did not desire to have sale of real estate made to satisfy her lien, the commis-

sioner should not have taken her lien into consideration in ascertaining the real estate necessary to be sold; because the commissioner sold, unnecessarily, the most valuable parcel of real estate, and for a sum far in excess of the requirements to satisfy all the debts decreed; because the defendant had various other parcels of real estate which could and should have been sold instead of the 140½ acres; because Ola D. Long had prior to the sale offered and was ready to pay off the debts decreed to the plaintiff, upon their assignment to her, thus obviating the necessity of any sale, and for other irregularities apparent upon the face of the record.

These exceptions were overruled and the sale was confirmed by the decree of September 29, 1936, from which decree and the decree of sale this appeal was taken. The decree, providing for the payment of costs, commissions, collection of purchase money notes, and execution of deed, proceeds as follows: "And it further appearing to the court that after the payment of the cost and expenses of sale, the costs of this suit and the judgment and debts decreed in favor of the plaintiff, there will remain in the hands of the said special commissioner a considerable sum of money, upon which the alimony decreed in favor of the plaintiff in this cause, due and payable on May 15, 1936, and on the 15th day of each subsequent month in the sum of $20.00 per month, is a lien, and that the said Meda F. Duncan is entitled to payment of the said installments as they become due from the proceeds of the said sale unless otherwise paid by the defendant, the court here expressly reserves for future decree the disposition of the proceeds of said sale in excess of the distribution herein decreed:

"And it further appearing to the court that prior to the time the said special commissioner made the sale herein reported, to-wit, on the 12th day of August, 1936, Ola D. Long gave to said special commissioner notice that she did not elect to have the real estate of the said R. L. Duncan sold to satisfy the decree heretofore entered in her favor against the said R. L. Duncan, and that the sale of said real estate was not made for the purpose of satisfying the decree in favor of said Ola D. Long, it is

therefore, ordered that the special commissioner shall make no distribution of the proceeds of said sale upon the debt decreed in this cause in favor of the said Ola D. Long."

The concluding paragraph above quoted would seem to indicate that the commissioner, in making the sale, and the chancellor, in confirming the same, did not take into consideration any debts or liens excepting those decreed to the plaintiff, and this bears on the defendant's exceptions to the report on the ground that the commissioner sold more real estate than was necessary.

A question of pleading is presented in that the answer of the defendant was filed before the commissioner in chancery while the cause was before him on reference. The record does not disclose any decree or order of court filing the answer, nor anything in the nature of a replication thereto. Plaintiff's counsel objected before the commissioner in chancery to the filing of the answer but nowhere does it appear that the chancellor took any final action thereon. The testimony of several witnesses for both the defendant and the plaintiff was taken on the issues presented by the answer; and in the brief of plaintiff's counsel upon the present hearing is found on page three the recital that "on March 21, 1936, the defendant filed his answer with the commissioner", raising the question as to the ownership of the household goods and also as to the insurance policy. The parties to the suit and the chancellor having considered that the answer was regularly filed, we shall accept that basis for purposes now at hand.

It appears from the evidence taken before the commissioner that the 140½ acre tract sold by the commissioner is a farm which has an annual rental value of from $200.00 to $400.00, and, so far as the evidence shows, this farm was the only parcel of the defendant's real estate that had any rental value or produces any income.

The record does not disclose the terms and conditions of the life insurance policy. Such information must be brought into the record in order that proper determination may be made of the conflicting claims to the cash surrender value. The contention of plaintiff that this mat-

ter was adjudicated in the divorce case is not well taken.

As to the personal property in the Duncan home, there is no doubt from the evidence that the defendant is the original purchaser of much thereof. The testimony is in conflict as to the exact situation, but on the record his claim for a one-half interest therein is well supported. In the divorce case, the plaintiff was decreed the right to use and occupy the home. A house without furniture would not be a home within the meaning of the decree. A liberal construction of the adjudication in the divorce case requires that there be included the furniture as an element of the home, possession whereof was awarded to the plaintiff. This is emphasized by the chancellor's direction that defendant be permitted to take from the home sufficient articles to furnish one room for himself. However, this adjudication should not operate to divest the defendant of his interest in the furniture remaining in the family residence. Like the house itself, the defendant's interest in the furniture has been properly appropriated for the time being by the court for the use of the plaintiff and the infant daughter.

Also, the defendant's exceptions to the manner of sale of the farm are well taken. Though the decree of April 28, 1936, authorized sale of all of his real estate in Lewis, Randolph and Upshur counties, only the Upshur property was, in fact, advertised. Inasmuch, too, as that decree properly required that there be sale only of so much of his property as necessary, we cannot reconcile the result therewith. There should have been great reluctance to take from this man his farm—his sole income-producing property—to satisfy a claim of less than one-fourth the amount for which the farm was sold by the commissioner.

Upon the remand of the case, whether there will be necessity to rent or sell any of the defendant's real estate will depend on developments which may be made in the light of our adjudication respecting the furniture and the surrender value of the policy of life insurance.

For the reasons stated we reverse both the decree of sale and the decree confirming sale and remand the cause

for further proceedings not at variance with the principles herein stated.

*Reversed and remanded.*