## CHARLESTON.

WILKINSON *v.* HOKE, *Judge.*

Submitted February 7, 1894.—Decided April 11, 1894.

COSTS—ERRONEOUS JUDGMENT—REMEDY—WRIT OF PROHIBITION.
Where a Circuit Court renders judgment for costs in violation of section 6, c. 138, of the Code (1891): "In any personal action not on contract, which might be brought and prosecuted to judgment in a justice's court, if a verdict be found for the plaintiff, on an issue or otherwise, for less damage than fifty dollars, he shall not recover, in respect to such verdict any costs, unless the court enter of record, that the object of the action was to try a right besides the mere right to recover damages for the trespass or grievance in respect of which the action was brought, or that the trespass or grievance was willful or malicious." It is in excess of the legitimate power of the court; and a writ of prohibition is a proper proceeding to arrest the execution of the judgment, so far as it was rendered for such costs.

W. R. D. DENT for petitioner cited Code, c. 138, s. 6 ; Id. c. 110, s. 1 ; 16 Gratt. 270, 273.

C. W. DAILEY for respondent.

HOLT, JUDGE :

On the 31st day of January, 1893, the plaintiff, an infant suing by his next friend, brought in the Circuit Court of Taylor county an action of trespass on the case against defendant, Ashby J. Wilkinson, for assault and battery, laying his damages at three thousand dollars. The defendant appeared, and entered the plea of not guilty ; and at

the September term the case was tried by jury, and a verdict for twenty five dollars was found for plaintiff. Upon this verdict the court rendered judgment, that plaintiff recover the damages found by the jury and his costs, but did not enter of record that the object of the action was to try a right besides the mere right to recover damages for the trespass, nor enter of record that the trespass or grievance was willful or malicious, as must be done where the verdict be found for the plaintiff for less damages than fifty dollars, and for which a personal action might be brought and prosecuted to judgment in a justice's court. See Code, c. 138, § 6.

In this case suit could have been brought in a justice's court and a judgment might have been rendered to the extent of three hundred dollars (twelve times the amount here found) and in such cases the amount found furnishes the true criterion. See Code, c. 50, §§ 8-11. The judgment entered against defendant for costs exceeded the legitimate powers of the court, no fact appearing on the record to justify it, as must appear by record in such cases. Where such court exceeds its legitimate powers, although having jurisdiction of the subject-matter in controvery, a writ of prohibition lies as matter of right; determined, not by the amount in controversy, but by the excess of power. See section 1, c. 110 Code, and section 3, art. VIII, Const. And, the term, being ended, the matter has passed into a thing finally adjudged, and is therefore beyond the power of the court to alter .or amend. And if, on motion to quash the present execution, the court were to quash the same, as, in a proper case, it has the power to do, we are in this case to take it for granted that it would not have done so, from the answer and return made to the rule awarded to show cause why the writ of prohibition should not issue. But, if we are not mistaken in the views expressed above, that would be immaterial, for the writ goes as a matter of right, where the court exceeds its legitimate powers; and the statute expressly takes away such power not simply in the case, where such trespass may have been in fact willful or malicious, but also in the case where such fact is not entered of record; taking for granted that, for the object

here had in view, that, which does not appear by the record, does not exist. In such case a judgment for costs is by the statute prohibited directly and positively. "Costs were not recoverable at common law. It is by virtue of the statute, alone, that any judgment for costs eo nomine can be rendered in favor of either party." *West* v. *Ferguson*, (1861) 16 Gratt. 270; 3 Bl. Comm. 399 (Hammond's Ed.); 3 Comyn. 223; 3 Co. Litt. 11, note; *Pilfold's Case*, 10 Coke, 116. The first law giving costs to a defendant is said to be the statute of Marlebridge (1268) c. 6. Our statute (section 8 c. 138) which gives costs generally, excepts this case expressly as one where it is otherwise provided by its direct and partial prohibition; not that a judgment for costs in the given case may be rendered, unless objection be made, but it is peremptory, that the plaintiff, for whom a verdict is found for less damages than fifty dollars shall not recover in respect to such verdict any costs, unless the court enter of record, that the said trespass or grievance was willful or malicious. It is true that the judgment has been entered, and is now final, and that the circuit judge is not a ministerial officer of his court; yet it appears that the execution issued has not been satisfied or returned, and the Circuit Court and the judge in vacation has control over its process both mesne and final, and the ministerial officers of the court are but parts of the machinery. *Ingersoll* v. *Buchanan*, 1 W. Va. 181; 2 Spel. Extr. Rem. § 1720; *Hutson* v. *Lowry*, 2 Va. Cas. 42; *Bodley* v. *Archibald*, 33 W. Va. 229 (10 S. E. Rep. 392).

In such a case a writ of prohibition is a proper proceeding to arrest the execution of a judgment rendered without authority ( *West* v. *Ferguson*, 16 Gratt. 170); for no writ of error, or other adequate remedy, is available to afford the redress to which the party is entitled for such excess of power. "It is the means by which a superior tribunal exercises its superintendence over the inferior, and keeps it within the limits of its rightful jurisdiction." (High, Extr. Rem. § 768) and the constitution gives this Court original jurisdiction (article VIII, § 3.)

Here there is no practical difficulty, for the judgment for costs is distinct from the main judgment, and is stated

separately in the execution. For the proceedings in such cases, see *Miller* v. *Marshall,* 1 Va. Cas. 158; *Mayo* v. *James,* 12 Gratt. 17, 26; and section 1, c. 110 Code. On the subject generally, see *Brazie* v. *Commissioners,* 25 W. Va. 213; *Fleming* v. *Guthrie,* 32 W. Va. 1 (9 S. E. Rep. 23); *Fleming* v. *Commissioners,* 31 W. Va. 608 (8 S. E. Rep. 267); *County Court* v. *Boreman,* 34 W. Va. 87 (11 S. E. Rep. 747); *McConiha* v. *Guthrie,* 21 W. Va. 134; *Buskirk* v. *Judge,* 7 W. Va. 91; *County Court* v. *Armstrong,* 34 W. Va. 326 (12 S. E. Rep. 488; *Alderson* v. *Commissioners,* 31 W. Va. 633 (8 S. E. Rep. 274); *Manufacturing Co.* v. *Carroll,* 30 W. Va. 534 (4 S. E. Rep. 782).

For the reasons given, we are of opinion that the matters alleged in the answer and return to the rule are insufficient, and that the writ should be awarded as prayed for.