# CHARLESTON.

WEST VIRGINIA CENTRAL GAS CO. v. HOLT, JUDGE.

Submitted November 30, 1909.   Decided December 21, 1909.

1.   COSTS—*Appeal from Justice of the Peace.*
   In a case appealed from a justice of the peace to the circuit
   court by the party against whom judgment was rendered by
   the justice, and who has, on the trial in the circuit court, re
   duced the judgment of the justice more than five dollars, but
   who has not made the tender prescribed by the statute, the
   circuit court has no power to render a judgment against such
   appellant in favor of the appellee for costs about the trial in
   the circuit court, unless it be in a case "involving the title to
   specific personal property, or the possession of real estate, the
   freedom of a person, the validity of a law or an ordinance of
   any corporation, or the right of any corporation to levy tolls
   or taxes."   (p. 519).

2.   PROHIBITION—*Unauthorized Judgment—Enforcement.*
   Prohibition lies to prevent the enforcement of an unauthor-
   ized judgment for costs rendered by a circuit court, notwith-
   standing the said circuit court may have jurisdiction to pro-
   nounce judgment upon the merits of the action.   (p. 519).

Application by the West Virginia Central Gas Company for
writ of prohibition against John Homer Holt, circuit judge,
and others.

*Writ Granted.*

*Talbott & Hoover,* for petitioner.

WILLIAMS, JUDGE:

This is an original application for the writ of prohibition to
prevent the enforcement of so much of a judgment, rendered
against the petitioner in favor of W. B. Lake by the circuit
court of Barbour county on the 11th day of October, 1909,
as adjudged that petitioner should pay to the said W. B.
Lake the costs incurred by him upon the trial of the cause in
the circuit court. There is no defense to the alternative writ.

It appears that W. B. Lake recovered a judgment, in a
justice's court, against petitioner for the sum of $50.00 and
costs, on the 13th day of January, 1909; that petitioner ap-

pealed from this judgment to the circuit court of Barbour county, of which circuit court the Honorable John Homer Holt is judge, and on the 9th of October, 1909, the cause was tried, resulting in a judgment against petitioner and its surety on the appeal bond for the sum of $40.00. The courts also rendered judgment against petitioner in favor of W. B. Lake for his costs incurred in the circuit · court and before the justice. The judgment order recites that petitioner had reduced the judgment recovered before the justice more than $5.00, but that petitioner ·had made no tender of any sum of money to Lake before the trial on the appeal.

Petitioner insists that the court had no power to render judgment for costs against it. This depends upon the proper construction of section 171, chapter 50, Code.

The jurisdiction to render judgment for costs, *eo nomine,* in favor of one party to an action against another depends altogether upon statute; the courts had no power to do so at the common law. 11 Cyc. 24; *West* v. *Ferguson,* 16 Grat. 270.

Section 8, chapter 138, Code, provides that where one party recovers final judgment for money against another, whether he be plaintiff or defendant, he shall recover his costs against the opposite party, except where it is otherwise provided. This general statute is modified by section 171, chapter 50, Code, which limits the power of the circuit court to render judgment for costs in certain instances. It reads as follows: "If, upon the trial in the circuit court, the appellant do not increase the original judgment if it was in his favor, or reduce it if it was against him, more than five dollars, exclusive of interest and costs, the appellant, and those who signed the bond, shall pay the costs of the appeal, except in cases involving the title to specific personal property, or the possession· of real estate, the freedom of a person, the validity of a law or an ordinance of any corporation, or the right of any corporation to levy tolls or taxes. In such cases costs shall be awarded as the court deems right. Provided, That the appellant shall in no case recover costs where the original judgment against him is reduced more than five dollars, unless before such appeal is tried, he shall have tendered the appellee an amount equal to or greater than the judgment re-

covered by him on the trial of such appeal, together with all costs that may have accrued up to the time of such tender."

Petitioner, against whom judgment was rendered by the justice for $50.00, appealed to the circuit court and there reduced the judgment, which was still against it, more than five dollars; but it had made no tender of any amount of money to the appellee before the trial on appeal. While the purpose of the legislature might have been more clearly expressed than it is by the section above quoted, still, the evident purpose of it is to give appellant a right to recover his costs about his appeal in any case where, by appealing, he has prevailed to the extent of more than five dollars; and when he appeals from a judgment which was against him, and reduces it more than five dollars, he may be said to have prevailed to that extent. But as a condition of his right to recover costs when the judgment on the appeal is still against him, although he has reduced it more than five dollars, he must have made a tender of an amount equal to, or greater than, the judgment against him on the appeal and the costs incurred by the appellee up to that time; and, as a penalty for his failure to make the required tender, the law says he shall not have a judgment for his costs about his appeal. By making the tender he would show that he only controverted the amount by which he was able to reduce the judgment, and by not making any tender he shows that he controverts the whole amount of the appellee's demand. But, on the other hand, it does not follow that, because appellant has not made the required tender and is, therefore, not entitled to a judgment for costs against the appellee, the appellee is entitled to recover his costs about the appeal against the appellant. By reducing the judgment against himself more than five dollars the appellant has justified his extending the litigation, and because he has prevailed over the contention of the appellee to the extent of more than five dollars, the appellee shall not recover his costs about the appeal. In a case where appellant appeals from a justice's judgment against him, and makes no tender to the appellee before trial in the circuit court, and the judgment of the circuit court is against appellant, but for an amount more than five dollars less than

the judgment appealed from, each party must pay his own costs accruing on the appeal; and the circuit court has no jurisdiction in such case to pronounce judgment in favor of one party against the other for costs about the trial in the circuit court. Section 171, chapter 50, Code, vests the circuit court with discretion in awarding costs only "in cases involving the title to specific personal property, or to the possession of real estate, the freedom of the person, the validity of a law or an ordinance of any corporation or the right of any corporation to levy tolls or taxes."

The writ of prohibition lies to prohibit the enforcement of an unauthorized judgment for costs. *West* v. *Ferguson,* 16 Grat. 270; *Wilkinson* v. *Hoke,* 39 W. Va. 403; *City of Charleston* v. *Beller,* 45 W. Va. 44; and *Bice* v. *Telephone Co.,* 62 W. Va. 521.

So much of the judgment of the circuit court of Barbour county as gives W. B. Lake a recovery for costs incurred by him upon the trial of the appeal in the circuit court of Barbour county against petitioner was beyond the power of the court to render and the writ of prohibition, as prayed for, prohibiting the Honorable John Homer Holt, Judge of the said circuit court, from enforcing the collection of it, will be awarded.

*Writ Granted.*


BRANNON, JUDGE, *(concurring):*

If appellant gains $5 he gets cost, if he has made tender; but if he makes no tender he does not recover costs. But in that case appellee gets no costs. The statute does not give him costs. If an equal or greater amount is found against appellant, appellee recovers costs of appeal under section 172, not under section 171.

Where the appellant gains five dollars on appeal, he is victor, and justifies his appeal, and therefore the statute does not visit him with costs simply because he made no tender; but for want of tender he does not recover costs, though he has justified his appeal.