CARRIE BEATRICE BIGGS *v.* CHARLES JEFFERSON BIGGS

(No. 8316)

Submitted April 14, 1936. Decided May 19, 1936.

*T. M. McIntire,* for appellant.
*R. E. Bills* and *George Shedan,* for appellee.

MAXWELL, JUDGE:

Carrie Beatrice Biggs, plaintiff, was awarded an appeal from a decree of the circuit court of Wood County rendered August 28, 1935, relieving her former husband, Charles Jefferson Biggs, defendant, from the payment of alimony, both accrued and future installments, which had theretofore been required of the defendant by decree of said court entered in a divorce cause between the parties.

In October, 1931, the parties, then husband and wife, entered into a contract pertaining to their property rights and maintenance of the wife, it being recited in the contract that the parties were no longer living together as husband and wife. By said contract, it was provided, *inter alia,* that he should pay her $1,000.00 cash; that the title of the home in which they had been living should be conveyed by the wife to the husband; that he should release his curtesy interest in three unimproved lots owned by her; that for her support and maintenance he would pay her $75.00 per month.

A few weeks after the execution of the contract, the wife instituted a suit for divorce against the husband on the ground of desertion. She was granted an absolute divorce in January, 1932. The court awarded her alimony of $75.00 per month, as the parties had agreed. The husband made no defense to the suit, but it seems that he employed counsel to examine the papers of the case and to attend the hearing.

In September, 1933, the defendant being in arrears in payment of alimony installments, the parties entered into a second agreement by the terms whereof the unpaid accrued installments were cancelled and the amount of monthly installment thereafter to become due was reduced from $75.00 to $50.00. The circuit court, by decree which was agreed to by the parties, confirmed the terms of the second agreement. In June, 1935, the defendant being delinquent in payment of alimony installmants as provided by the second agreement and the last mentioned decree of the court, the plaintiff filed a

petition praying that the defendant be dealt with as provided by law. For answer to the petition, the defendant alleged that antecedent to the date of execution of the first contract, the plaintiff had been guilty of repeated acts of adultery with Floyd W. Berry; that the defendant did not know of this conduct until subsequent to the time of the decree which was based on the second contract. Further, that at the time of filing his answer, he was informed and believed that the plaintiff was then living in open and notorious adultery with the said Berry.

It appears from the evidence adduced concerning the averments of the defendant's answer that prior to the divorce of the plaintiff and defendant, Floyd W. Berry had occupied a room in their home. Two neighbor women testified that on several occasions they looked through the bathroom window of the home of one of them and through a window of the Biggs home into the plaintiff's bedroom where they saw the plaintiff nude in the presence of Berry. Both the plaintiff and Berry deny the charge. They also deny the accusation of the defendant, on information and belief, that they are now living in adultery. The only evidence brought forward by the defendant tending to sustain the latter charge is that Berry occupies a room in the plaintiff's apartment. The evidence does not disclose the size or character of the apartment or whether there are other roomers. The evidence is insufficient to sustain this charge.

With respect to the alleged conduct of the plaintiff and Berry prior to the divorce, the defendant admits that at that time he heard some gossip on the subject and thereupon made inquiry of the plaintiff and Berry; that he accepted their denials and made no further investigation. The plaintiff urges, with much reason, that the defendant should have made further inquiry into that matter at the time, and should not be heard now, years after he had failed to contest her right to a divorce from him on the ground of desertion, to open up the old matter for the purpose of undertaking to defeat his liability

for alimony. It appears from the record that the defendant has remarried, and it seems that his present wife has interviewed the neighbor women and procured their testimony. Whether the plaintiff was guilty of adultery prior to the divorce, we, of course, do not know. A finding of guilt would be warranted if the testimony of the two neighbors is accepted at face value, but the denial of the plaintiff and Berry was unequivocal and some of the circumstances would seem to support them. In any event, we think that the production of that testimony by the husband falls far short of sustaining his present contention that the plaintiff obtained her divorce and his execution of the two contracts aforesaid through fraud.

Our statute, Code, 48-2-15, as amended by Chapter 35, Acts of the Legislature of 1935, provides, with reference to a decree for alimony, that "the court may, from time to time afterward, on the petition of either of the parties, revise or alter such decree concerning the maintenance of the parties, or either of them, and make a new decree concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice." This language clearly applies to future installments and not to accrued installments. Of course, where there has been fraud in the procurement of a decree of alimony, the court may very properly set aside the decree on that ground, but we have already explained that such ground does not exist herein.

The courts are not in agreement with reference to their right to cancel accrued installments of alimony, but we adhere to what we consider to be the majority and better reasoned rule that, in the absence of a showing of fraud or other harmful circumstance in the procurement of a decree of alimony, accrued installments may not be cancelled. Upon the coming due of such installments, the right thereto of the payee becomes vested. *Adair* v. *Superior Court,* (Ariz.) 33 P. (2d) 995, 94 A. L. R. 328, and annotations; *Epps* v. *Epps,* 218

Ala. 667, 120 So. 150; *Parker* v. *Parker,* 203 Cal. 787, 266 Pac. 283; *Nelson* v. *Nelson,* 282 Mo. 412, 221 S. W. 1066; *Delbridge* v. *Sears,* 179 Iowa 526, 160 N. W. 218. Consult, 19 C. J., page 272.

Our conclusion that the installments of alimony which have accrued should not be cancelled is accentuated by the fact that, in the first instance, the allowance of alimony was not based solely on the husband's liability for the wife's maintenance. More was involved, namely, both property rights and contract rights. *Brandt* v. *Brandt,* 40 Or. 477, 67 Pac. 508; *Cole* v. *Cole,* 142 Ill. 19, 31 N. E. 109, 19 L. R. A. 811, 34 A. S. R. 56. The parties blended the former into the latter. The conveyance by the wife to the husband of title to the home was in part, at least, the consideration for the husband's promise to pay her a monthly allowance. In this respect, his undertaking was entirely independent of her conduct, either past, current or future.

Whether, at a later time, there should be any change with respect to future installments of alimony, involving either increase, decrease, or suspension, is a matter that will be within the sound discretion of the chancellor under the authority vested in him by the statute above quoted, but to be exercised in the light of the contracts between the parties and the consideration supporting the husband's undertaking. If changed conditions should warrant a decrease in the amount of the allowance, the reduction could be made, except to the extent, if any, that the payments, at that time, may be representative of the husband's contractual promise based on valuable consideration.

In the light of all the foregoing, we fail to find in the record justification for the trial court's action either in cancelling the accrued alimony or in relieving the defendant from payment of future installments.

We reverse the decree of August 28, 1935, and remand the cause for further proceedings not at variance herewith.

*Reversed and remanded.*