EUGENE HARMAN *v.* JASON HARMAN

(CC 588)

Submitted May 17, 1938.   Decided May 24, 1938.

*R. D. Heironimus,* for plaintiff.
*W. K. Pritt,* for defendant.

HATCHER, JUDGE:

In an action on a note, the payor filed a plea setting up an assignment to him of past due alimony decreed to the divorced wife of the plaintiff. The circuit court sustained a demurrer to the plea and certified here its sufficiency.

Under Code, 56-5-4, the defendant, *in a suit for any debt,* may have allowed against it "any * * * set-off which is so described in his plea * * * as to give the plaintiff notice of its nature." The statute itself does not define the nature of a set-off; but the decisions agree that the set-off "must be substantially a debt." *Baltimore & O. Rr. Co.* v. *Jameson,* 13 W. Va. 833, 842, 31 Am. Rep. 775. Accrued alimony becomes a liquidated debt, and as such is a proper subject of set-off under the statute. *Fournier* v. *Clutton,* 146 Mich. 298, 109 N. W. 425, 7 L. R. A. (N. S.) 179, 117 Am. St. Rep. 638, 10 Ann. Cas. 392, is cited as a leading case supporting the doctrine that alimony is not assignable; *Cederberg* v. *Gunstrom,* 193 Minn. 421, 258 N. W. 574, 97 A. L. R. 207, as a leading case opposing it. The cases pro and con are listed in an annotation, 97 A. L. R. 208. In view of our own practice, however, we deem a discussion of those cases unnecessary.

When installments of alimony accrue, the power of the court, under Code, 48-2-15, to alter, control or cancel them terminates (no fraud appearing), and "the right thereto of the payee becomes vested." *Biggs* v. *Biggs,* 117 W. Va. 471, 474, 185 S. E. 857, 858. When this occurs, Code, 38-3-1, imparts to the decree awarding the alimony the effect of a judgment for the installments. *Goff* v. *Goff,* 60 W. Va. 9, 22, 53 S. E. 769, 9 Ann. Cas. 1083; *Smith* v. *Smith,* 81 W. Va. 761, 95 S. E. 199, 8 A. L. R. 1149. Such a vested right may be assigned. 2 A. and E. Ency. of Law, Assignments, 1042-3; 4 Am. Jur., *idem,* secs. 3, 24; Freeman, Judgments (5th Ed.), sec. 1047. And the assignee acquires the full ownership of

the assigned right, and "all remedies thereunder." *Hines v. Fulton,* 104 W. Va. 561, 140 S. E. 537, 540.

The ruling is reversed.

*Reversed.*