WOEHLER, Respondent, *v.* WOEHLER, Appellant.

(No. 7,745.)

(Submitted May 7, 1938.   Decided June 9, 1938.)

[81 Pac. (2d) 344.]

*Mr. L. P. Sanders* and *Mr. M. S. Galasso,* for Appellant, submitted an original and a reply brief.

*Mr. T. P. Stewart* and *Mr. Thomas C. Malee,* for Respondent, submitted a brief; *Mr. Stewart* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On June 21, 1930, defendant was awarded a decree of separate maintenance. By its terms plaintiff was ordered to pay for defendant's permanent support and maintenance the sum of $150 per month, payable on the first day of each month, commencing July 1, 1930. The decree was subsequently modified so that for about the period of one year the award was reduced to $100 per month.

In April, 1936, defendant filed an affidavit charging plaintiff with contempt for failure to pay the sum of $150 due on October 1, 1934, and the sum of $150 due November 1, 1934. Before hearing was had on the alleged contempt, plaintiff filed a petition to modify the decree. The petition for modification and the contempt matter were heard together. After hearing, the court on January 12, 1937, made findings of fact in substance as follows: That plaintiff then was, and for some time prior thereto had been, financially unable to make payment in any substantial amounts to apply on the payments required by the decree, and that his circumstances were such that he was unable to meet the past due payments except by installment payments in small amounts; that he was not then able financially to meet the monthly payments of $150 per month; and

that to make an order requiring plaintiff to comply with the decree could serve no purpose other than to harass him and to interfere with the proper and businesslike conduct of his profession. Paragraph 4 of the findings is as follows:

"That certain evidence was offered for the purpose of showing that because of the physical condition of the daughter of plaintiff and defendant, which said daughter has been for some years past of legal age, the court should consider, in fixing the monthly payments by plaintiff to defendant, the added cost of the care and maintenance of said daughter; that following the hearing hereof the court received an unsolicited letter from said daughter, dated September 30, 1936, stating positively and in no uncertain terms that she, the said daughter, wanted no help, financial or otherwise, from her father, the plaintiff herein; and the court in fixing the monthly payments to be made by plaintiff to defendant, and in compliance with said written request, had made no allowance for the care and maintenance of said daughter. That a copy of said letter of September 30, 1936, from the daughter of plaintiff and defendant, is ordered filed herein and made a part of the files in this action, and said letter is referred to and made a part hereof the same as though it had been incorporated herein in full."

Pursuant to these findings the court made the following order: "Now, therefore, it is ordered, adjudged and decreed, and this does order, adjudge and decree, that the aforesaid decree, entered herein on June 21, 1930, be, and the same hereby is modified so as to require the plaintiff to pay to defendant each month, from and after October 1, 1936, the sum of $50 for the care and maintenance of the above-named defendant, and no more, except as hereinafter provided.

"It is further ordered, adjudged and decreed, and this does further order, adjudge and decree, that said plaintiff be required, and he is hereby required, to pay to defendant each month, in addition to the said sum of fifty dollars hereinabove provided for, the sum of twenty-five dollars to apply on monthly payments previously due defendant and for which plaintiff is now in default, and that no other or further payments by

plaintiff to defendant of moneys in default, as aforesaid, shall be required of said plaintiff.''

From this order defendant has appealed. She contends that the court was without jurisdiction to make the order complained of, and that the order does not amount to a modification, but rather to a nullification of the decree. The petition to modify the decree sought to discontinue entirely the award of $150 per month alimony in the future, and sought to have the delinquent installments liquidated by the payment of $50 per month.

As above noted, the court ordered future alimony to be reduced to $50 per month, and required the payment of $25 per month additional to be applied on the amount in arrears under the decree. Defendant contends that her right to accrued alimony under the decree constituted a vested right which the court had no authority to alter or change; that the court's power to alter or amend a decree awarding alimony relates only to future alimony and not to sums already accrued.

In the absence of statute, the weight of authority supports defendant's contention. This general rule is declared in 19 C. J. 272, as follows: ''Statutes authorizing the alteration and modification of judgments or decrees allowing alimony have been held to have no retrospective effect, and the power to modify extends only to future installments and not to alimony already accrued, in the absence of clear language manifesting contrary intent.''

There is some difference of opinion among the adjudicated cases on this point, as will appear from the note in 94 A. L. R., page 331. This general rule, however, does not obtain where the statute provides otherwise. Thus, in *Sistare* v. *Sistare*, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 20 Ann. Cas. 1061, 28 L. R. A. (n. s.) 1068, the court, recognizing though not applying the exception said: ''Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no

absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due.''

Cases supporting the right to modify a decree as to past due alimony are the following: *Loomis* v. *Loomis,* 273 Mich. 7, 262 N. W. 331, *Thompson* v. *Mentzer,* 216 Ill. App. 470, *Williamson* v. *Williamson,* 246 Mass. 270, 140 N. E. 799, *Bentley* v. *Calabrese,* 155 Misc. 843, 280 N. Y. Supp. 454, *Hartigan* v. *Hartigan,* 142 Minn. 274, 171 N. W. 925, *Brandt* v. *Brandt,* 40 Or. 477, 67 Pac. 508, *Montgomery* v. *Offutt,* 136 Ky. 157, 123 S. W. 676, *Cohen* v. *Cohen,* 150 Cal. 99, 88 Pac. 267, 11 Ann. Cas. 520, *Ashby* v. *Ashby,* 174 Wis. 549, 183 N. W. 965, and *Franck* v. *Franck,* 107 Ky. 362, 54 S. W. 195.

Hence, to determine whether the court had the authority to make the order, we must examine the statutes bearing upon the subject. The original decree being for separate maintenance must have been based upon section 5769, Revised Codes, which provides: ''While an action for divorce is pending the court or judge may, in its or his discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action. When the husband wilfully deserts the wife, she may, without applying for a divorce, maintain in the district court an action against him for permanent support and maintenance of herself or of herself and children. During the pendency of such action, the court or judge may, in its or his discretion, require the husband to pay as alimony any money necessary for the prosecution of the action and for support and maintenance, and executions may issue therefor in the discretion of the court or judge. The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court.''

The last sentence in the above section makes it clear that the enforcement of the final judgment in such an action may be

controlled by orders of the court, in the exercise of its discretion. While the statute does not expressly mention past due installments, it seems to us that its terms are broad enough to comprehend delinquent installments, and that, in fact, the legislature in enacting its provisions was actuated more by the consideration of delinquent than by future installments.

It should be remembered that there is here no modification of the decree in respect to the amount due. The order relates only to the enforcement of the decree. That order also, by the concluding clause in section 5769, is subject to future alteration, variation or revocation at the discretion of the court.

The court had jurisdiction to make the order so far as it relates to the enforcement of the decree as to past due alimony.

The only other point relied upon by defendant is that the ██ evidence does not support the order of the court. No useful purpose would be subserved in reviewing the evidence. It was in sharp conflict. There was substantial evidence supporting the court's finding that plaintiff now is, and for some time last past has been, financially unable to meet the installment payments of $150 per month. This being so, we cannot say that the court abused its discretion in reducing it. (*Boles* v. *Boles,* 60 Mont. 411, 199 Pac. 912; *Wallace* v. *Wallace,* 92 Mont. 489, 15 Pac. (2d) 915.)

Counsel for defendant call attention to the fact that plaintiff testified, in substance, that the only sums received by him in his dental practice during October, 1934, were $284; for November, 1934, $237; for December, 1934, $304, and for January, 1935, $255; and that it was brought out on cross-examination that he had received in addition the sum of $126 in October, 1934; $463 in December, 1934, and $126.50 in January, 1935, which was received for work done by him for the Montana Relief Commission. It is undisputed that plaintiff actually paid to defendant during the months of October, November and December, 1934, only the sum of $30. On the other hand it appears that during the year 1935 he paid more than $1,100, either voluntarily or as a result of executions levied against

him.  Whether these payments were applied on the sums accruing in 1935 or to discharge past due installments does not appear.

At all times during and since 1934 plaintiff has been heavily indebted to others than defendant, and he actually applied some of his earnings over and above his living expenses in reduction of this indebtedness.  We cannot say that the trial court abused its discretion in reducing the award of future alimony from $150 to $50 per month; nor can we say that the trial court was not justified in failing to find plaintiff guilty of contempt.

The entire matter rested in the discretion of the court and we cannot say that in view of all the circumstances in the case, as disclosed by the evidence, there was an abuse of discretion calling for a disturbance of the court's order.  The history of the case since 1930, the date when the original decree was entered, has established that an order requiring the payment of $150 per month would be unenforceable and would not produce for defendant any more money than the order here complained of.  Plaintiff's earning capacity is not as great now as it has been in the past.

The order appealed from is affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, did not hear the argument and takes no part in the above decision.

Rehearing denied July 22, 1938.