BELLE HOLCOMB *v.* FLOYD HOLCOMB

(No. 9045)

Submitted April 16, 1940.   Decided May 7, 1940.

*Dana C. Eakle* and *Harper & Baker,* for appellant.
*E. P. Alderson,* for appellee.

MAXWELL, JUDGE:

By her bill herein the plaintiff seeks to enforce against the defendant's real estate the lien of a decree for alimony entered in her favor against him in 1929. The trial chancelor sustained the defendant's demurrer to the bill and dismissed the cause as an original suit, but directed that the bill be filed and treated as a petition in the divorce case of Floyd Holcomb vs. Belle Holcomb, wherein the alimony decree mentioned had been entered on the cross-bill of the defendant in that suit. This appeal was awarded the plaintiff in the instant suit.

The adjudication of alimony was in the sum of $5,000.00, payable in annual installments of $500.00 each, with interest. At the time of the institution of the present suit

·all·installments had accrued, but only $1,500.00 had been paid.

Though the decree for alimony did not specifically declare that the whole amount thereof, or the maturing installments, should constitute a lien on the real estate of Floyd Holcomb, it necessarily follows that since all installments have become due, the matter stands as a gross-sum-alimony allowance, having the effect of any other decretal judgment for money. In *Goff* v. *Goff*, 60 W. Va. 9, at page 22, 53 S. E. 769, at page 774, Ann. Cas. 1083, this Court stated: "Of course, a decree for a gross sum as alimony is a lien by the letter of the statute." The statutory provision there referred to is Code 1931, 38-3-6 (formerly Code ch. 139, sec. 5), making every judgment for money a lien on the real estate of the debtor. Consult: *Smith* v. *Smith,* 81 W. Va. 761, 767, 95 S. E. 199, 8 A. L. R. 1149; *Bassett* v. *Waters,* 103 Kan. 853, 176 Pac. 663; *Conrad* v. *Everich,* 50 Ohio St. 476, 35 N. E. 58, 40 Am. St. Rep. 679; *Schooley* v. *Schooley,* 184 Iowa 835, 169 N. W. 56, 11 A. L. R. 110; *Wetmore* v. *Wetmore,* 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. The *Goff* case, *supra,* is express authority also for the proposition that though alimony is payable in installments it constitutes a lien on land.

The plaintiff herein, owner and holder of a five-thousand-dollar decretal judgment against the defendant, has the right to maintain this suit for the purpose of enforcing the lien of her judgment against the defendant's real estate. The case of *Duncan* v. *Duncan,* 119 W. Va. 471, 194 S. E. 433, was a similar proceeding, wherein no question was raised respecting the effect of an alimony decree. Both the trial court, the appellate court and counsel dealt with the case on the basis of tacit concessum that the alimony decree created a lien against the husband's real estate.

Inasmuch as the plaintiff may not properly be denied the privilege of seeking by this suit to enforce her lien, the demurrer to the bill should have been overruled so that the suit could progress as an independent proceeding.

Further, the chancellor's action in causing the bill to be filed in the divorce case which was pending between the parties a decade ago, precludes the plaintiff herein from grounding her present position on the lien of the decretal judgment alone, as is her right. True, Code, 48-2-15, authorizes a trial court, after decreeing a divorce, to alter decrees "concerning the maintenance of the parties, or either of them, and make a new decree concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice * * *." But, while that provision authorizes a court to modify an alimony decree affecting unmatured installments of alimony, it does not create a procedure whereby there may be granted to a judgment debtor relief from matured alimony installments. *Biggs* v. *Biggs,* 117 W. Va. 471, 185 S. E. 857. So, for the reasons stated, we are of opinion that the chancellor's requirement that the bill be filed in the divorce suit, even if that suit can be said to be still pending, operated to deprive the plaintiff of her right to press her judgment lien without collateral inquiries respecting the status of the parties such as should be required initially in a divorce suit where the question of alimony arises, or as may be done later in such suit while alimony installments are maturing.

For reasons stated we reverse the decree of June 6, 1939, overrule the demurrer to the bill and remand the cause for further proceedings.

*Reversed and remanded.*