EDITH RAKES, *Petitioner*

*v.*

CHARLES W. FERGUSON, JUDGE OF THE CIRCUIT COURT OF

WAYNE COUNTY, AND EMERY EUGENE RAKES, *Defendants*

(No. 12212)

Submitted February 26, 1963.     Decided March 19, 1963.

662

*William K. Napier,* for petitioner.
*Greene, Morgan & Ketchum,* for defendants.

HAYMOND, JUDGE:

In this original proceeding in prohibition, instituted in this Court on January 15, 1963, the petitioner, Edith Rakes, seeks a writ to prohibit the defendants, the Honorable Charles W. Ferguson, Judge of the Circuit Court of Wayne County, West Virginia, and Emery Eugene Rakes, from enforcing certain provisions of a decree entered August 2, 1960 by the defendant Charles W. Ferguson, as Judge of the Circuit Court of Wayne County, West Virginia, in a suit in equity then pending in that court, in which Emery Eugene Rakes was plaintiff and the petitioner Edith Rakes was defendant. The portions of the decree, the enforcement of which the petitioner seeks to have prohibited, are the provision which rendered judgment against Emery Eugene Rakes in favor of Edith Rakes in the sum of $825.00, which the petitioner contends undertook to modify, alter and set aside a judgment entered by the Circuit Court of Wayne County in the above styled suit in equity on July 16, 1951, which required Emery Eugene Rakes, the plaintiff in that suit, to pay to Edith Rakes, the defendant in that suit, for the support of their infant children the sum of $80.00 on August 1, 1951, and on the first day of each month thereafter until the further order of the court; the provision that the judgment for $825.00 should not bear interest; and the provision that such judgment shall be paid at the rate of $5.00 per month until the last of the two children becomes twenty one years of age, emancipated or gainfully employed and thereafter at the rate of $25.00 per month until such judgment shall have been paid in full.

Upon the filing of the petition this Court awarded a rule, returnable February 12, 1963. At that time this proceeding was continued until February 26, 1963, and on that date it was submitted for decision upon the petition, the separate answers of the defendants, and the written briefs and the oral arguments of the attorneys in behalf of the respective parties.

The material facts are not disputed and the questions presented for decision are questions of law.

Prior to July 16, 1951, Emery Eugene Rakes and Edith Rakes were husband and wife and on that date, in the divorce proceeding of the husband, Emery Eugene Rakes, against the wife, Edith Rakes, a decree was entered which dissolved the marriage previously existing between the parties to that suit. The decree of divorce provided that the defendant Edith Rakes should have the care, custody and control of their two infant children, Edward Lee Rakes and Barbara Jean Rakes; that the parties to the suit had agreed upon the amount of support to be paid for the children; that the plaintiff Emery Eugene Rakes should pay to the defendant as support for their children the sum of $80.00 on the first day of August, 1951, and on the first day of each month thereafter until the further order of the court; that the defendant should have the use and occupancy of the plaintiff's home for the benefit of the children; that the plaintiff, the father, should be permitted to see and visit the children at all reasonable and seasonable times and to take them for daytime visits to the home of his parents in Wayne County, West Virginia; and that neither party should remarry for a period of 60 days from the entry of the decree, except to each other.

On July 26, 1960, the plaintiff in that suit, Emery Eugene Rakes, filed a petition in the Circuit Court of Wayne County, in which he sought, because of change of conditions, to have the decree of July 16, 1951, amended to give the custody and control of Barbara Jean Rakes to him, to set aside the portion of the decree which required him to make payments for the support of the children, and to award him possession of his property which by the former decree the defendant in

that suit was permitted to occupy. By her answer to the petition, the defendant Edith Rakes denied the right of the plaintiff Emery Eugene Rakes to obtain any change or alteration of the prior decree and, asserting a claim for affirmative relief, alleged that the petitioner was delinquent in the payment of the monthly installments required by the decree for the support of the children, and that the amount past due and owing by him was the sum of $1,650.00. The prayer of the answer was that the petition be dismissed, that judgment be rendered against the plaintiff for $1,650.00, with costs including a reasonable attorney fee, and that the defendant be granted general relief.

After hearing evidence of the parties concerning the issues presented by the foregoing pleadings the circuit court, by its judgment of August 2, 1960, decreed that the defendant should have the right to occupy the home of the plaintiff until the youngest child became 21 years of age or emancipated; that the defendant should have judgment against the plaintiff for $825.00 instead of the past due amount of $1,650.00 claimed by the defendant; and that such judgment should not bear interest and should be paid in installments of $5.00 per month until the youngest child became 21 years of age, emancipated or gainfully employed, after which the installments should be $25.00 per month until the judgment was fully paid. The court also decreed that the future monthly payments for the support of the children should be $50.00, instead of $80.00 per month, until either child became 21 years of age, emancipated, or employed, after which the installments should be $25.00 per month until the youngest child should become 21 years of age, emancipated or gainfully employed and that at that time all payments for the support of the children, other than the payments of $25.00 per month on the judgment, should cease.

The petitioner contends that the circuit court was without jurisdiction and exceeded its legitimate powers in entering judgment for $825.00 which constituted a reduction in the amount of the accrued and unpaid support awarded by the prior decree, in providing that the judgment should not bear interest, and in making the judgment payable in install-

ments instead of permitting its collection in full upon its rendition.

The settled law in this jurisdiction is that the provision of Section 15, Article 2, Chapter 48, Code, 1931, as amended, which confers jurisdiction upon a trial court to revise or alter an allowance or make a new decree concerning an award of alimony, pertains to future installments of alimony and does not authorize the court to cancel accrued installments and that such installments may be cancelled only on such ground as would warrant a court of equity to set aside a decree because of fraud or other judicially cognizable and harmful circumstance in procuring the decree. *Robinson* v. *Robinson,* 131 W. Va. 160, 50 S. E. 2d 455; *Korczyk* v. *Solonka,* 130 W. Va. 211, 42 S. E. 2d 814; *Holcomb* v. *Holcomb,* 122 W. Va. 293, 8 S. E. 2d 889; *Harman* v. *Harman,* 120 W. Va. 199, 196 S. E. 361; *Biggs* v. *Biggs,* 117 W. Va. 471, 185 S. E. 857. In the opinion in the *Biggs* case this Court said that " * * * in the absence of a showing of fraud or other harmful circumstance in the procurement of a decree of alimony, accrued installments may not be cancelled. Upon the coming due of such installments, the right thereto of the payee becomes vested." In the opinion in the *Harman* case this Court used this language: "When installments of alimony accrue, the power of the court, under Code, 48-2-15, to alter, control or cancel them terminates (no fraud appearing), and 'the right thereto of the payee becomes vested.'" The same principle applies to the provision of Section 15, Article 2, Chapter 48, Code, 1931, as amended, which confers jurisdiction upon the trial court to revise or alter installments for the support of the children or to make a new decree concerning them. That provision pertains to future installments for the support of the children of the parties to a suit for divorce or annulment of a marriage and does not authorize the court to alter or cancel accrued installments for the support of the children. See *Korczyk* v. *Solonka,* 130 W. Va. 211, 42 S. E. 2d 814; *Biggs* v. *Biggs,* 117 W. Va. 471, 185 S. E. 857. As the statute does not authorize or empower the trial court to alter or cancel accrued installments for the support of the children of the parties in a suit for divorce or annulment of a marriage, the circuit court does

not have jurisdiction to alter or cancel any award of support for the children that has accrued under the final unappealable decree of July 16, 1951, at the rate of $80.00 per month. Any attempt of the circuit court to alter or cancel such accrued installments would have constituted action in excess of its legitimate powers and such action, being void, would be cognizable and its enforcement prevented in a proceeding in prohibition.

The provision of the decree of August 2, 1960, rendering judgment for $825.00 in favor of the defendant against the plaintiff, indicates clearly, however, that the circuit court, in entering the judgment, did not attempt or undertake to alter or cancel any of the accrued installments of support for the children but instead merely determined the amount unpaid and owing by the plaintiff upon such accrued installments at the time of the entry of the judgment. In a suit for divorce the trial court has the power and the authority to determine the amount due and unpaid upon accrued installments for the support of the children of the parties, when such amount is in dispute; and the action of the court in determining and entering judgment for the amount of the accrued installments does not alter or cancel such installments. As the unpaid amount was in dispute between the parties, the circuit court had the power and the authority to determine that question and to fix the amount which was then due and unpaid and owing by the plaintiff upon such accrued installments for the support of the children; and the action of the court in that respect was valid and can not be disturbed or controlled in a proceeding in prohibition.

Section 31, Article 6, Chapter 56, Code, 1931, declares that every judgment or decree for the payment of money, except where it is otherwise provided by law, shall bear interest from its date whether or not it is so stated in the judgment or decree. This is a mandatory statutory provision and the circuit court in disregarding it not only committed error but exceeded its legitimate powers. *West Virginia Central Gas Company* v. *Holt,* 66 W. Va. 516, 66 S. E. 717; *Powhatan Coal and Coke Company* v. *Ritz,* 60 W. Va. 395, 56 S. E. 257, 9 L.R.A., N. S., 1225; *City of Charleston* v. *Beller,* 45 W. Va.

44, 30 S. E. 152; *Wilkinson* v. *Hoke,* 39 W. Va. 403, 19 S. E. 520; *Ensign Company* v. *Carroll,* 30 W. Va. 532, 4 S. E. 782; *McConiha* v. *Guthrie,* 21 W. Va. 134. Under Section 1, Article 1, Chapter 53, Code, 1931, the writ of prohibition will issue, as a matter of right, in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers. Here the Circuit Court of Wayne County had jurisdiction of the subject matter and of the parties but in the exercise of its jurisdiction it exceeded its legitimate powers in violating the statute which declares that every judgment or decree for the payment of money, except where it is otherwise provided by law, shall bear interest from its date. A decree which provides that a judgment for the payment of money shall not bear interest violates Section 31, Article 6, Chapter 56, Code, 1931, and is, in that respect, invalid.

To the extent that the decree of August 2, 1960, undertook to prevent the judgment rendered for $825.00 from bearing interest such decree is null and void and of no force and effect. A void judgment, being a nullity, may be attacked collaterally or directly at any time and in any court whenever any claim or right is asserted under such judgment. *Aldrich* v. *Aldrich,* 147 W. Va. 269, 127 S. E. 2d 385; *Gavenda Brothers, Inc.* v. *Elkins Limestone Company, Inc.,* 145 W. Va. 732, 116 S. E. 2d 910; *State ex rel. Cecil* v. *Knapp,* 143 W. Va. 896, 105 S. E. 2d 569; *State ex rel. Leeber and Covey* v. *The Board of Education of The County of Raleigh,* 143 W. Va. 584, 103 S. E. 2d 797; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Vance* v. *Arthur,* 142 W. Va. 737, 98 S. E. 2d 418; *State ex rel. Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. Ed. 1268; *Bennett* v. *Bennett,* 137 W. Va. 179, 70 S. E. 2d 894; *Stephenson* v. *Ashburn,* 137 W. Va. 141, 70 S. E. 2d 585. Though a court has jurisdiction of the subject matter in controversy and of the parties, when it clearly appears that in the conduct of the case it has exceeded its legitimate powers with respect to some pertinent question the writ of prohibition will lie under the general law and under the statute to prevent the en-

forcement of the invalid portion of the judgment of the court. *State ex rel. Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *County Court* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490. In numerous cases in which a trial court had jurisdiction of the subject matter in controversy but exceeded its legitimate powers, this Court has awarded the writ. *State ex rel. Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *State* v. *Bouchelle,* 134 W. Va. 34, 61 S. E. 2d 232; *Thacker* v. *Ferguson,* 127 W. Va. 177, 32 S. E. 2d 47; *White Sulphur Springs, Inc.* v. *Ripley.* 124 W. Va. 486, 20 S. E. 2d 794; *State* v. *Dailey,* 72 W. Va. 520, 79 S. E. 668, 47 L.R.A., N.S., 1207; *West Virginia Central Gas Company* v. *Holt,* 66 W. Va. 516, 66 S. E. 717; *Powhatan Coal and Coke Company* v. *Ritz,* 60 W. Va. 395, 56 S. E. 257, 9 L.R.A., N.S., 1225; *City of Charleston* v. *Beller,* 45 W. Va. 44, 30 S. E. 152; *Norfolk and Western Railway Company* v. *Pinnacle Coal Company,* 44 W. Va. 574, 30 S. E. 196, 41 L.R.A. 414; *Wilkinson* v. *Hoke,* 39 W. Va. 403, 19 S. E. 520; *Ensign Company* v. *Carroll,* 30 W. Va. 532, 4 S. E. 782; *McConiha* v. *Guthrie,* 21 W. Va. 134.

As previously indicated the circuit court, in entering judgment in favor of the defendant Edith Rakes for $825.00 and providing that the judgment should be paid in installments of $5.00 per month until the occurrence of a specific event or contingency and subsequently at the rate of $25.00 per month until terminated as provided in the decree, did not cancel or modify the prior decree with respect to the matured payments of support and maintenance or relieve the plaintiff Emery Eugene Rakes from the payment of any part of the monthly payments of support which had matured and were due, unpaid and owing at the time of the entry of the judgment. Instead the circuit court merely determined the disputed facts as to the amount of the matured and unpaid installments and provided that such amount should be paid in installments instead of in one entire sum. This that court had the power and the authority to do in a suit for divorce or for annulment of a marriage.

Section 15, Article 2, Chapter 48, Code, 1931, as amended, to the extent here pertinent, provides that "Upon decreeing a divorce, the court may make such further decree as it shall

deem expedient, concerning the maintenance of the parties, or either of them; and upon decreeing the annulment of a marriage, or a divorce, the court may make such further decree as it shall deem expedient, concerning the care, custody, education and maintenance of the minor children, and may determine with which of the parents or other proper person or persons the children or any of them, may remain; and the court, or the judge thereof in vacation, may, from time to time afterward, on the petition of either of the parties, revise or alter such decree concerning the maintenance of the parties, or either of them, and make a new decree concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice; and the court, or the judge thereof in vacation, may also from time to time afterward, on the petition of either of the parties, revise or alter such decree concerning the care, custody, education and maintenance of the children, and make a new decree concerning the same, as the circumstances of the parents or other proper person or persons and the benefit of the children may require. * * * ."

Though it is true that the foregoing statutory provisions concerning the maintenance of the parties and the maintenance of the children do not create a procedure by which the court may grant to a judgment debtor relief from matured installments, *Holcomb* v. *Holcomb,* 122 W. Va. 293, 8 S. E. 2d 889, *Biggs* v. *Biggs,* 117 W. Va. 471, 185 S. E. 857, these provisions do not deprive the court of or limit its authority with respect to the manner in which the accrued alimony or support may be paid by the judgment debtor. On the contrary the statute authorizes the court to make a new decree concerning the maintenance of the parties and the maintenance of the children as the altered circumstances or needs of the parties may render necessary to meet the ends of justice and as the circumstances of the parents or other proper person or persons and the benefit of the children may require.

Under the provisions of the statute that the court may make a new decree concerning the maintenance of the children as the circumstances of the parents and the benefit of

the children may require, the court, in order to punish for or excuse a parent of contempt for failure or inability to pay an amount awarded against him, with or without entering a judgment for the amount of the accrued and unpaid support, has the power and the authority to provide the manner in which it may be paid either in its entirety or in such installments as the court may determine. To hold otherwise would deprive the court of the jurisdiction conferred upon it to determine such matters and would disregard the legislative intent that such matters should be determined by the court under the provisions of the statute.

In *Tuning* v. *Tuning*, 90 W. Va. 457, 111 S. E. 139, a suit for divorce, this Court, under a provision that the trial court may make such further decree as it shall deem expedient concerning the estate and maintenance of the parties, or either of them, in Section 11, Chapter 64 of the Code, 1913, in force and effect when that suit was instituted, affirmed a decree of the trial court which awarded the plaintiff, the wife, a gross sum as alimony and entered judgment in her favor for the sum of $1,500.00, and provided that such sum should be paid in three installments of $500.00 each, the first within 90 days, the second on or before one year, and the third on or before two years from the date of the decree, with interest. In point 3 of the syllabus this Court held that in decreeing the wife a divorce the court "may award her a reasonable sum in gross in lieu of alimony, payable in installments,". Though the jurisdiction of the court to provide that the judgment for the gross sum of $1,500.00 should be paid in installments was not directly challenged in the *Tuning* case, the recognition by this Court of the validity of the decree that the gross sum should be paid in installments indicates clearly that the trial court had jurisdiction in such suit to provide for the payment of the judgment in installments; for if this Court had entertained the view that the trial court was without jurisdiction to provide for the payment of the judgment in installments it necessarily would have reversed and would not have affirmed the decree which authorized such payments in the *Tuning* case.

In 17 Am. Jur., Divorce and Separation, Section 768, the text contains this language: "It has been held, both in jurisdictions in which the courts are held to have the power to cancel arrears and in jurisdictions where it has been held they may not cancel arrears, that the court may direct payment of arrears in installments." In 27B C.J.S., Divorce, Section 276a, the text contains these statements: "Where the husband is obviously unable to make payment in excess of the weekly payments ordered, he will not be required to pay arrearage immediately." and "The court may order that arrearage be paid in installments; * * * . " In 6 A.L.R. 2d 1319, Annotation III, Section 22, the statement is that in some jurisdictions in which the courts may not cancel arrears in the payment of alimony or support it has been held that the court may direct payments of the arrears in installments. In *Wassung* v. *Wassung,* 136 Neb. 440, 286 N. W. 340, the Supreme Court of Nebraska held that a court of equity had inherent power to direct that the husband pay only $10.00 per month on account of the overdue installments for the support of a minor child until they were fully paid and to enjoin the wife from enforcing the payment of the accrued and unpaid installments by execution, attachment, garnishment, or any other means. In *Woehler* v. *Woehler,* 107 Mont. 69, 81 P. 2d 344, the plaintiff was awarded a decree of separate maintenance by the terms of which he was ordered to pay for the support and maintenance of the defendant the sum of $150.00 per month, commencing July 1, 1930. In April 1936 the defendant filed an affidavit charging the plaintiff with contempt for failure to pay the sum of $150.00 due October 1, 1934, and the sum of $150.00 due November 1, 1934. Upon a hearing the court reduced the future payment of the monthly installments to $50.00 and also decreed that the plaintiff pay the sum of $25.00 per month on the past due installments of which he was in default. In affirming the decree the Supreme Court of Montana in its opinion said: "It should be remembered that there is here no modification of the decree in respect to the amount due. The order relates only to the enforcement of the decree." and that "The court had jurisdiction to make the order so far as it relates to the enforcement of the decree

as to past due alimony." In *Goffinett* v. *Goffinett,* 247 Ky. 698, 57 S. W. 2d 674, the court permitted the husband, against whom a judgment of $1,800.00 had been rendered for accrued and past due alimony, to pay such judgment in installments of $16.66 per month.

In *Tripp* v. *Superior Court of California in and for Los Angeles County,* 61 Cal. App. 64, 214 P. 252, the petitioner Tripp sought review of an order adjudging him guilty of contempt for failure to make the payments required of him by a decree in a suit for divorce. His wife had sued him for divorce and obtained a decree which required him to pay her $900.00. After the decree had become final the court, upon the application of the wife, required the husband to show cause why he should not be punished as for contempt of court in having failed to pay the balance of the original amount of $900.00. Upon a hearing the court made findings, among others, that the husband was at all times able to pay the $900.00 but that he had neglected and refused to pay $683.75 of that amount and that he was guilty of contempt because of his failure to pay that amount. The court by its decree provided that the husband could purge himself of contempt by paying the sum of $683.75 in installments of $50.00 per month. In seeking to prevent the court from enforcing its decree requiring payment by installments the husband contended that such decree was, in effect, a modification of the decree requiring the payment of $900.00 and that the trial court was without jurisdiction to modify the order requiring the payment of that sum. The court held that where the husband was in default as to payment for his divorced wife, ordered by final decree in her divorce suit, the court had jurisdiction to allow him to purge himself of his offense of contempt by paying the sum due in installments. In the opinion the court said: "Instead of fixing a punishment, respondent by its order decreed that petitioner might purge himself of his offense against the dignity of the court by the payment of the $683.75 at the rate of not less than $50.00 per month. Unquestionably the court had jurisdiction to allow petitioner to purge himself of his contempt by paying the $683.75 at once and in full. 13 C. J. 94. We are cited to no authority showing that respondent was

not empowered to allow petitioner to pay this total sum on the installment plan, and as a mere matter of jurisdiction we know of no reason why that course was improper. Such course was undoubtedly an unusual one. * * * . That, however, has nothing to do with the question whether respondent had jurisdiction to allow the payment in installments. We are of the opinion that the jurisdiction existed."

Though the court in a suit for divorce is without jurisdiction to alter or cancel installments of support and maintenance of children which have accrued and become due and payable, this Court holds that under Section 15, Article 2, Chapter 48, Code, 1931, as amended, which provides that the court, in a suit for divorce, or annulment of a marriage, may from time to time afterward, on the petition of either party, revise or alter a decree concerning the care, custody, education and maintenance of the children and make a new decree concerning the same as the circumstances of the parents or other proper person or persons and the benefit of the children may require, the circuit court had jurisdiction to require such past due support and maintenance to be paid by the judgment debtor in such amounts and installments as the court should determine. This holding, however, relates only to the jurisdiction of the court in a proceeding under Section 15, Article 2, Chapter 48, Code, 1931, as amended, and does not apply to or affect the jurisdiction of the court with respect to judgments or decrees rendered in any proceeding which is not governed by the provisions of that statute.

To the extent that the decree of August 2, 1960, provides that the judgment for $825.00 shall not bear interest, its enforcement will be, and it is, hereby prohibited, but in all other respects such decree, being valid and enforcible, remains in full force and effect. In consequence the writ of prohibition prayed for should be molded to prevent the enforcement of that portion of the decree which provides that the judgment for $825.00 shall not bear interest and, as so molded, the writ of prohibtion is hereby awarded. Inasmuch, however, as the defendants are the substantially pre-

674

vailing parties the petitioner is required to pay the taxable costs of this proceeding.

*Writ molded and,*
*as molded, awarded.*