## CIRCUIT COURT OF PRINCE GEORGE COUNTY

Maitland

v.

Miller

February 8, 1989

Case No. 88-53

By JUDGE W. PARK LEMMOND, JR.

The Court finds the case law in Virginia to be well-established in that no court has the authority to relieve a delinquent spouse of an obligation to pay accrued installments of child support. There is very substantial case law supporting this.

The case of *Acree v. Acree*, 2 Va. App. 151 (1986), recognized a limited exception to the prior case law rule forbidding retroactive modification. The *Acree* court distinguished prior cases denying credit for nonconforming support payments. The *Acree* court also cited the case of *Carper v. Carper*, 228 Va. 185 (1984); however, the Court believes the reliance upon *Carper* is questionable in that the distinguishing feature emphasized in *Carper* was the provision in the decree directing payments to a third party mortgagee, rather than to the spouse having custody. The *Acree* decision can clearly be distinguished from the case at bar on its facts and is, in addition, arguably in conflict with prior decisions of the Supreme Court of Virginia recognizing that the payee spouse under a decree for child support has a vested right in accrued installments. In addition, in 1987 the General Assembly

amended § 20-108, Code of Virginia, to prohibit expressly the retroactive modification of support orders.

Even if the *Acree* exception remains viable, the Court of Appeals of Virginia recently indicated that the exception is not to be extended to situations in which the obligee spouse retains custody of the child. *See Goodpasture v. Goodpasture*, 7 Va. App. 55 (1988). Thus despite the issue as to the viability of *Acree*, its applicability is not present. *See also Henderlite v. Henderlite*, 3 Va. App. 539 (1987), describing the *Acree* exception as a "very narrow" one.

The Court feels that the defendant's reliance upon *Featherstone v. Brooks*, 220 Va. 443 (1979), for the proposition that the parties' agreement should be considered merely voidable and set aside prospectively is misplaced. Virginia case law and § 20-108, as amended in 1987, both indicate that retroactive modification or cancellation of such an arrearage is not permitted in the circumstances of this case.

With regard to the issue of whether or not the Court has the authority to order payment of a support arrearage in installments, the defendant relies primarily upon the 1963 West Virginia decision of *Rakes v. Ferguson*, 147 W. Va. 660 (1963), where the court considered similar statutory language and held that while the statute did not authorize cancellation of child support arrearages, it nevertheless did allow the trial court the discretion to direct payment of the arrearage in installments determined to be appropriate based on the circumstances of that case. Despite the fact that the Supreme Court of Virginia cited with approval the *Rakes* decision, in *Cofer v. Cofer*, 205 Va. 834 (1965), our court did not address the issue as to whether the arrearage could be paid in installments or not, and hence this Court does not believe that this issue has been addressed by the Supreme Court of Virginia. There are other states that have adopted the same ruling as *Rakes*, however.

In addition to the reasoning in *Rakes*, which indicates that language such as that found in § 20-108 authorizing revision of support decrees may be construed to allow the trial court the discretion to direct payment of an arrearage in installments, the General Assembly in 1985 enacted legislation that appears to sanction expressly

the exercise of judicial discretion regarding the manner and terms of payment of a support arrearage (§ 20-60.3, Code of Virginia).

Accordingly, under §§ 20-60.3 and 20-108, Code of Virginia, and Virginia case law, it appears to be proper for this court to enter an order directing periodic support payments to the wife, which are to be applied to the arrearage.

In conclusion, the Court finds an arrearage in the stipulated amount of $42,000 and will entertain a motion for a hearing for the purpose of presenting evidence upon the defendant's motion to let the Court direct periodic payments of the stated arrearage. The parties are, of course, encouraged to agree to some reasonable schedule without the need of a hearing. Factors that would appear to be appropriate to be considered in such a determination would include the parties' respective financial circumstances and the degree of the defendant's culpability in failing to comply with the original support order.