## 62996. HANSELL, POST, BRANDON & DORSEY v. FOWLER et al.

BANKE, Judge.

This appeal is from the denial of the defendant's motion for summary judgment in a legal malpractice action. The case is here upon grant of a petition for an interlocutory appeal.

The plaintiff's husband was killed while in the employ of the Seaboard Coastline Railroad in May of 1976. Subsequently, she sought the services of the defendant law firm to have a new will drawn. During an interview with Mr. Grenwald, an associate of the defendant firm, the plaintiff discussed the circumstances of her husband's death and the possibility of pursuing a claim in relation thereto. She maintains in her complaint that Grenwald became her attorney as to this matter and that because of his faulty legal advice, she did not file suit prior to the expiration of the statute of limitation. The evidence, viewed in the light most favorable to the plaintiff, shows that Mr. Grenwald agreed to "check out some of the things . . . [the plaintiff] . . . told him" and that he would get in touch with her concerning possible action against the railroad. Several days after this conversation, the plaintiff received a letter from him dated April 28, 1977, containing the following paragraph: "As to your possible claim against Seaboard Coastline, I have found the following: (1) You may have a claim under either the Georgia Workmen's Compensation Act or under the Federal Employer's Liability Act; (2) there are time limits under both of these statutes in which a claim must be filed. The time limit may be one year from date of death, and therefore, time is of essence in any action you may take; (3) Hansell Post represents the L & N Railroad which is owned by Seaboard Coastline. Therefore, we cannot represent you in any claim that you might have against Seaboard Coastline."

The plaintiff contends that this information was incorrect in that the Georgia Worker's Compensation Act is inapplicable to railroad employees, the statute of limitation under the Federal Employers' Liability Act is three years rather than one, and the letter did not address the possibility of a negligence action against the railroad. The plaintiff testified in her deposition that after she received the letter she called Mr. Grenwald to see if he could suggest someone to represent her. He informed her that he could not, due to the conflict of interest, but he did suggest that she get a lawyer. *Held:*

"The initial requirement for establishing liability is that there be a duty; this arises from the attorney-client relationship itself." *Berman v. Rubin,* 138 Ga. App. 849, 851 (227 SE2d 802) (1976).

Assuming *arguendo* that such a relationship was ever created in this case, it is quite clear that the relationship was terminated by the letter, insofar as any claim against the Railroad was concerned. The repudiation of any representation was positively stated, as was the subsequent advice that plaintiff should get a lawyer. The plaintiff states in her deposition that she did indeed consult another attorney almost immediately upon receiving this advice. This consultation took place prior to the expiration on any period of limitation applicable to the claim. Viewing the evidence in a light most favorable to the plaintiff, we conclude that any loss suffered by her did not result from a breach of duty on the part of the defendant. Cf. *Republic Mortgage Corp. v. Beasley,* 117 Ga. App. 303 (3) (160 SE2d 429) (1968). The trial court erred in denying the defendant's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 4, 1981 —
REHEARING DENIED DECEMBER 15, 1981.

*Joseph C. Parker, Lynn A. Downey,* for appellant.
*Jeffrey L. Sakas,* for appellees.