CAROLYN SUE ROBINSON

*v.*

MARLIN DENNIS ROBINSON

(No. 15346)

Decided March 5, 1982.

*R. Pierce Kelley, Jr.,* for appellant.

No appearance for appellee.

NEELY, JUSTICE:

This is an appeal from a final order of the Circuit Court of Mineral County that determined that a 1975 order of the Circuit Court of Mineral County awarding the appellant alimony and child support was void. The appellant, Carolyn Sue Robinson and the appellee, Marlin Dennis Robinson, were divorced from each other on 9 September 1975 by order of the Mineral County Circuit Court. On 14 April 1980 appellant filed a motion seeking an order to show cause why the appellee should not be found in contempt of the 9 September 1975 order for his failure to pay child support and alimony as required by that order.

Initially the circuit judge concluded that the contempt proceeding was criminal in nature and ordered counsel for appellant to prosecute the same. Appellant sought to compel the Prosecuting Attorney to prosecute the action by mandamus in this court; however, we determined that the cause was not criminal in nature. *State ex rel. Carolyn Robinson v. Nelson M. Michael*, ___ W.Va. ___, 276 S.E.2d 812, 819 (1981).

On 28 May 1981 a hearing was held on the contempt petition, at which time the circuit judge opened the sealed transcript of the proceedings had before the circuit court on 9 September 1975. The court concluded that adequate testimony on the respondent's ability to pay alimony and child support had not been taken under the requirements of *W.Va. Code*, 48-2-16 [1969]. In light of this Court's decision in the case of *Myers v. Whiston*, ___ W.Va. ___, 238 S.E.2d 227 (1977) the Court held the 1975 order void, thus obliterating all alimony and child support then owing. It is from this order that the appeal is taken.[1] We conclude that the circuit court misinterpreted our holding in *Myers v. Whiston, supra,* and we reverse.

In the case before us the appellee was served with process in 1975 when the appellant filed her action for divorce. It appears from the transcript of the original

---

[1] Subsequently the Court awarded $25.00 a week child support and $1.00 a year nominal alimony effective 25 June 1981 after a detailed inquiry pursuant to *Code,* 48-2-16 [1969].

divorce proceedings that the appellee did not appear to contest either the granting of the divorce or the award of alimony and child support. The appellant testified concerning the appellee's erratic work record, and there was evidence before the court that the appellee was able-bodied but comparatively shiftless and unenthusiastic about securing permanent employment.

While the circuit court in 1975 did not engage in a meticulous and precise inquiry into the income of the appellee for several years preceding the hearing, the court had sufficient evidence before it to infer accurate conclusions about the overall financial position of the parties. Furthermore, the court ordered only $100.00 per month child support and $50.00 per month alimony, which is hardly an outrageous sum beyond the capability of any able-bodied person to pay. The fact that the appellee did not have regular employment at the time was certainly no excuse for failing to seek employment to meet his moral and legal obligations to support his family.

Our case of *Myers v. Whiston, supra,* appears to be a very context-specific case that is correct on its facts but inadvertently misstates the law. *Myers* was a habeas corpus proceeding that arose after the petitioner had been placed in jail for failure to pay $400.00 per month child support. It appears that in the original divorce action the court did not have jurisdiction to award either alimony or child support against Mr. Myers because he was a nonresident, served by publication. Subsequently, however, he submitted to the jurisdiction of the court by petitioning for a change of custody, and at the hearing to change the children's custody, he testified that he earned $9,000 in 1974. After that hearing the court ordered him to pay $400.00 per month child support, the exact amount that the court had originally ordered him to pay in the court's entirely void order in the initial divorce proceeding where there was no personal jurisdiction.

In *Myers,* the habeas corpus proceeding in this Court was essentially an *appeal* from the voidable order of the Circuit Court of Monongalia County since petitioner in that case was jailed for contempt of court for failing to

pay the $400.00 per month within eight months of the circuit court's final, appealable order. Since he was in jail, petitioner's counsel sought habeas corpus as a more rapid and less cumbersome vehicle through which to present an *appealable* issue to this Court. While we did not expressly discuss the fact that the order under which petitioner was incarcerated was still appealable, that fact is clear from our reported opinion and prompted our decision in the case.

In the case before us the original judgment of the Circuit Court of Mineral County in 1975 may have been erroneous; however, any error in the order was directly related to the appellee's failure to appear and present appropriate evidence to the court on his financial condition and earning ability. Furthermore, not only did the appellee fail to appear, he entirely ignored the court's order and did not bother to take an appeal to this Court. Thus, after the expiration of the eight month appeal period, the order of the Circuit Court of Mineral County in 1975 became final and enforceable. Since the court had both personal jurisdiction of the appellee and jurisdiction of the subject matter, the order was not void. To the extent that *Myers v. Whiston, supra,* appears to indicate that the final order of a circuit court on the subject of alimony and child support can be attacked collaterally for evidentiary insufficiency under *Code,* 48-2-16 [1969] after the running of the appeal period it is overruled.

The law in this jurisdiction concerning the power of the circuit court to cancel accrued alimony and child support obligations was set forth in *Rakes v. Ferguson,* 147 W.Va. 660, 130 S.E.2d 102 (1963) where the Court said:

> The settled law in this jurisdiction is that the provision of section 15, article 2, chapter 48, Code, 1931, as amended, which confers jurisdiction upon a trial court to revise or alter an allowance or make a new decree concerning an award of alimony, pertains to future installments of alimony and does not authorize the court to cancel accrued installments and that such installments may be canceled only on such ground as would

warrant a court of equity to set aside a decree because of fraud or other judicially cognizable and harmful circumstance in procuring the decree. *Robinson v. Robinson,* 131 W.Va. 160, 50 S.E.2d 455; *Korczyk v. Solonka,* 130 W.Va. 211, 42 S.E.2d 814; *Holcomb v. Holcomb,* 122 W.Va. 293, 8 S.E.2d 889; *Harman v. Harman,* 120 W.Va. 199, 196 S.E. 361; *Biggs v. Biggs,* 117 W.Va. 471, 185 S.E. 857.

Recently we cited *Rakes, supra,* with approval in the per curiam opinion of *Horton v. Horton,* ___ W.Va. ___, 264 S.E.2d 160 (1980). In the case before us there was no fraud or "other judicially cognizable and harmful circumstance" that would authorize the circuit court to set aside the previous decree. *See Hopkins v. Yarbrough,* ___ W.Va. ___, 284 S.E.2d 907 (1981). Evidentiary insufficiency arising exclusively from the failure of one party to appear and present evidence is not a "judicially cognizable and harmful circumstance." *Ex turpitudine sua non oritur actio.*

Accordingly for the reasons set forth above the judgment of the Circuit Court of Mineral County is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*