# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER BARBOT,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-13** (Fam. Ct. Jefferson Cnty. No. FC-19-2020-D-357)

**CLAUDIA BARBOT,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Barbot appeals the Family Court of Jefferson County's July 14, 2022, Order Denying Reconsideration of the Final Divorce Order entered December 20, 2021. Mr. Barbot asserts that the family court erroneously awarded all of the parties' assets to Respondent Claudia Barbot and abused its discretion by awarding spousal support without conducting the required statutory analysis. Ms. Barbot filed a response in support of the family court's orders. Mr. Barbot filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for disposition in a memorandum decision. For the reasons set forth below, the family court's final order is vacated, in part, and this case is remanded for further proceedings consistent with this decision.

The parties were married on November 25, 1995, in Laurel, Maryland. The parties have two adult children. Ms. Barbot filed her petition for divorce on December 2, 2020, alleging irreconcilable differences. On January 26, 2021, Mr. Barbot filed his answer admitting irreconcilable differences.

The final hearing was held on November 16, 2021. Ms. Barbot appeared at the hearing with her counsel. Mr. Barbot, who was not represented by counsel at that time, failed to appear. A special commissioner appeared telephonically for the hearing. At the hearing, Ms. Barbot testified as to when the parties married; where she resides; whether the parties were incarcerated, incompetent, or in the armed services; and the reason the parties were divorcing. Ms. Barbot further testified that the parties had a state tax debt in

---

[1] Mr. Barbot is represented by Brendan Doneghy, Esq. Ms. Barbot is represented by Christopher D. Janelle, Esq.

1

the amount of $12,000, homeowner's association debt in the amount of $5,000, a bass fishing boat titled to both parties, a wrecked BMW automobile titled to Mr. Barbot, a Toyota RAV4 in her possession, a camper trailer that Mr. Barbot lived in, and a timeshare that was in arrears. Ms. Barbot's counsel proffered that Mr. Barbot had a retirement account with a value of $140,992 as of December 2020, with a loan taken out against it in the amount of $37,000. Ms. Barbot's counsel also proffered that the estimated value of the marital home was approximately $350,000 to $400,000, with about a $293,000 mortgage on the home.

On December 20, 2021, the family court entered the final divorce order. In that order, the family court awarded Ms. Barbot sole ownership of the marital home; the entire balance of Mr. Barbot's retirement account, less any outstanding loan balance; the camper Mr. Barbot was living in; the parties' automobiles; the parties' boat; and $5,250 per month in spousal support. The final order made Mr. Barbot responsible for the parties' state and federal tax debt; any outstanding loan balance on his retirement account; the parties' timeshare; Ms. Barbot's attorney's fees in the amount of $8,500; and payment of the special commissioner's fee in the amount of $2,000.

On January 10, 2022, Mr. Barbot, through counsel, filed a motion for reconsideration of the final divorce order in family court. After more than thirty days had passed without the family court ruling on the motion for reconsideration, Mr. Barbot, through counsel, filed an appeal of the final divorce order in circuit court on February 3, 2022. On June 8, 2022, the circuit court entered an order concluding that the appeal was not ripe due to the pending motion for reconsideration in family court. The circuit court remanded the matter to family court for a ruling on the motion for reconsideration. On July 14, 2022, the family court issued an order denying the motion for reconsideration. Mr. Barbot now appeals.

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __ S.E.2d __, 2022 WL 17098574, *3 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

Mr. Barbot raises two assignments of error on appeal. First, that the family court erred in awarding essentially all the parties' assets to Ms. Barbot instead of conducting equitable distribution. Second, that the family court abused its discretion by awarding spousal support without considering the statutory factors outlined in West Virginia Code § 48-6-301 (2018). In response, Ms. Barbot argues that any perceived inequity arising from

2

the family court's order, or any evidentiary insufficiency, is the result of Mr. Barbot's failure to participate in the underlying proceedings.

In regard to the family court's division of the parties' assets, the Supreme Court of Appeals of West Virginia has explained that

> "'[e]quitable distribution . . . is a three-step process. The first step is to classify the parties' property as marital or nonmarital. The second step is to value the marital assets. The third step is to divide the marital estate between the parties in accordance with the principles contained in . . . [West Virginia Code § 48-7-103].' Syllabus Point 1, *Whiting v. Whiting*, 183 W. Va. 451, 396 S.E.2d 413 (1990)." Syl. Pt. 2, *Stuck v. Stuck*, 218 W. Va. 605, 625 S.E.2d 367 (2005).

Syl. Pt. 3, *Mulugeta v. Misailidis*, 239 W. Va. 404, 801 S.E.2d 282 (2017).

Here, the family court's final divorce order does not address the steps outlined in *Whiting*. Of the eight findings of fact in the family court's Final Divorce Order, none concern marital or separate property, the value of assets, or the principles contained in West Virginia Code § 48-7-103 (2001). Furthermore, a family court has a duty to ensure that the division of marital assets is equitably accomplished. *Donna S. v. Travis S.*, 246 W. Va. 634, __, 874 S.E.2d 746, 756 (2022). There is nothing in the family court's orders indicating that the family court attempted to equitably divide the parties' assets and liabilities. To the contrary, the family court inequitably divided the parties' assets and liabilities, seemingly to punish Mr. Barbot for his failure to obey court orders and participate in the proceedings.

Turning to the issue of spousal support, the Supreme Court of Appeals has explained that as long as the family court fully considers the mandatory statutory factors contained in West Virginia Code § 48-6-301, and the award of spousal support is within the parameters of reasonableness, a reviewing court should not disturb the award on appeal. *Mulugeta,* 239 W. Va. at 410, 801 S.E.2d at 288. Here, the family court's final divorce order does not reflect that the family court considered any of the mandatory factors contained in West Virginia Code § 48-6-301.

Both the family court in its order denying the motion for reconsideration, and Ms. Barbot on appeal, cite to Syllabus Point 2 of *Robinson v. Robinson*, 169 W. Va. 425, 288 S.E.2d 161 (1982), for the proposition that evidentiary insufficiency arriving exclusively from the failure of one party to appear and offer evidence is not a "judicially cognizable and harmful circumstance" to permit a collateral attack on a judgment. However, nothing in *Robinson* authorizes a family court to completely disregard its duty to equitably divide marital assets and to consider mandatory statutory factors. Further, *Robinson* is distinguishable from the present case in that evidentiary insufficiency in this matter was

not exclusively the result of Mr. Barbot's failure to appear. Rather, the evidence that *was* adduced from Ms. Barbot at the final hearing was insufficient for the family court to adequately address the statutory factors contained in West Virginia Code §§ 48-6-301 and 48-7-103.

Accordingly, the family court abused its discretion by denying the motion for reconsideration of the final divorce order. We vacate the December 20, 2021, final divorce order only as it pertains to equitable distribution and spousal support and remand to the Family Court of Jefferson County with directions to hold a new hearing on the issues of equitable distribution and spousal support and issue an order consistent with this decision.[2]  The Clerk is hereby directed to issue the mandate contemporaneously with this memorandum decision.

Vacated, in Part, and Remanded with Directions.

**ISSUED:**  January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[2] This decision does not relieve Mr. Barbot of his attorney fee obligations as outlined in the family court's orders. Mr. Barbot did not appeal the family court's award of attorney fees. Moreover, the record reflects that Mr. Barbot failed to follow family court orders, and he did not attend the final hearing. As a result, the family court did not abuse its discretion when it ordered Mr. Barbot to pay Ms. Barbot's attorney fees of $8,500 (at an annual rate of 4% interest) and the special commissioner's attorney fees incurred (at an annual rate of 4% interest).