IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KRYSTOFER L.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-189**   (Fam. Ct. Berkeley Cnty. Case No. FC-02-2012-D-810)

**MELLENIE L.,**
**Petitioner Below, Respondent**

### MEMORANDUM DECISION

Petitioner Krystofer L.[1] ("Father") appeals the Family Court of Berkeley County's February 18, 2025, Final Divorce Order.[2] In that order, the family court granted the parties' divorce, set Father's child support obligation at $997.00 per month, and ordered Father to pay Respondent Mellenie L. ("Mother") $47,977.21 in equitable distribution. Mother filed a response in support of the family court's order.[3] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on June 13, 2010, and share six children, two of whom reached the age of majority as of the time of the proceedings below. After Mother filed her petition for divorce below, by order entered October 11, 2024, the family court scheduled the final divorce hearing on November 12, 2024, and ordered both parties to provide

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] The February 18, 2025, Final Divorce Order is the order attached to Father's notice of appeal. However, as discussed herein, Father filed a motion for reconsideration of the February 18, 2025, Final Divorce Order, which resulted in entry of the family court's Final Order Regarding Equitable Distribution and Child Support and Denying Respondent's Motion to Reconsider on April 4, 2025.

[3] Both Mother and Father are self-represented.

verified financial statements including supporting documentation. The order specifically warned that "FAILURE TO COMPLY WITH ANY OF THE ABOVE MAY RESULT IN ADVERSE CONSEQUENCES AND/OR SANCTIONS AS ALLOWED BY LAW." As reflected in the family court's December 6, 2024, order, both parties appeared at the November 12, 2024, hearing and testified that they had undisclosed marital debt. As such, the family court converted the hearing into a status hearing and ordered both parties to file financial statements identifying the balance of any marital debt as of the date of separation. By that same order, the family court scheduled the final hearing to be held on January 13, 2025.

Following the January 13, 2025, hearing, at which both parties appeared, by order entered February 18, 2025, the family court granted the parties' divorce, set Father's child support obligation for the four minor children at $997.00 per month, effective February 1, 2025, and ordered Father to pay an additional $3.00 each month toward his child support arrears. As to custodial allocation, the family court ordered the parties to continue to exercise custodial allocation as mutually agreed upon. Further, the family court ordered Father to pay Mother $47,977.21 in equitable distribution based on the evidence submitted by Mother, which identified assets in the amount of $36,219.11 and debts in the amount of $132,173.52, resulting in a martial debt of $95,954.41. The family court reserved the issues of Father's "repayment of the equitable distribution" and "income for recalculation of child support" for further hearing on March 25, 2025.

On January 31, 2025, Father filed a motion to reconsider the family court's order. The family court heard this motion at the March 25, 2025, hearing, which it conducted as scheduled. Mother appeared at the hearing; however, Father did not. On April 4, 2025, the family court entered its Final Order Regarding Equitable Distribution and Child Support and Denying Respondent's Motion to Reconsider. In that order, the family court noted that prior to the hearing, the court received a call from Father who stated that he could not attend the hearing due to illness, that Father did not provide the court with the documentation as previously ordered, and that he did not request to appear at the hearing virtually. Further, the family court found that Father had "consistently shown little regard for the court, including appearing for court late and not complying with the court's orders." As such, the family court found Father's excuse for his failure to appear not to be credible. The family court denied Father's motion to reconsider and granted Mother judgments against Father in the amounts of $47,977.21 for equitable distribution and $13,000.00 for his child support arrearage as of February 28, 2025.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family

court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father argues that the family court erred by failing to consider his outstanding debts for the purpose of equitable distribution and by conducting the hearing on his motion to reconsider in his absence. We disagree. First, Father fails to direct this Court to any evidence in the record regarding his alleged debts, despite the family court's orders on October 11, 2024, and December 6, 2024, directing him to file such information for consideration.[4] Further, while Father did not appear at the hearing on his motion for reconsideration, Father appeared at the final divorce hearing which resulted in the February 18, 2025, Final Divorce Order. "The burden is on both parties to the litigation to adduce competent evidence on the values to be assigned in equitable distribution cases." Syl. Pt. 8, *Wilson v. Wilson*, 227 W. Va. 157, 160, 706 S.E.2d 354, 357 (2010) (citation omitted). There is nothing in the record that indicates that Father was prevented from introducing evidence regarding his debts or other financial information relevant to equitable distribution.[5] Rather, Father failed to present any evidence of his alleged debts for the family court's consideration. Accordingly, as Father failed to adduce competent evidence of his alleged debts, the family court did not err in failing to consider the same.

Next, regarding Father's claim that the family court erred by conducting the hearing on his motion to reconsider in his absence, Rule 19 of the West Virginia Rules of Practice and Procedure for Family Court provides that a motion for continuance shall not be granted except for good cause shown and requires that the motion be in writing, filed with the circuit clerk, and, if filed within seven days of a scheduling hearing, only be granted in exigent circumstances. Here, the record reflects that Father did not file a motion for continuance in advance of the hearing. Instead, Father merely telephoned the family court on the day of the scheduled hearing alleging illness and informed the court he would not be attending. In its April 4, 2025, final order, the family court specifically found Father's excuse for his failure to appear not credible and proceeded in Father's absence. The court

---

[4] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that Father's brief "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."

[5] Even if Father had not appeared at the final divorce hearing, "[e]videntiary insufficiency arising exclusively from the failure of one party to appear and present evidence is not a 'judicially cognizable and harmful circumstance.'" *Robinson v. Robinson*, 169 W. Va. 425, 429, 288 S.E.2d 161, 164 (1982).

also noted in this order that Father called the family court a second time that day after the hearing and asked court staff to "tell [him] what happened at the hearing." On appeal, Father alleges that he was ill, but he does not specifically challenge, or address, the family court's credibility determination. "It is within the sole province of the family court, as fact-finder, to decide issues of credibility, and this Court will not disturb those determinations . . ." *Mulugeta v. Misailidis*, 239 W. Va. 404, 408-09, 801 S.E.2d 282, 286-87 (2017) (citations and quotations omitted). Accordingly, the family court did not abuse its discretion by refusing to grant Father's last-minute, informal, uncredible request for a continuance of the hearing on his motion to reconsider.

Therefore, we affirm the family court's February 18, 2025, Final Divorce Order and its April 4, 2025, Final Order Regarding Equitable Distribution and Child Support and Denying Respondent's Motion to Reconsider.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

4